# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

MLAKE 95, LLC,                    )
                                    )
       Plaintiff,             )
                                    )
v.                              )          MC417-005
                                    )
SVN MANAGEMENT, INC., d/b/a   )
SPERRY VAN NESS ASSET        )
MANAGEMENT AND LEASING,    )
                                    )
       Defendant.         )

## ORDER

Plaintiff Mlake 95, LLC, seeks to compel SVN Management, Inc., to comply with a third party subpoena issued by the Western District of Oklahoma in another case. Doc. 1; *see Mlake 95, LLC v. Judith J. Berry, Trustee of the E&J Berry Revocable Trust u/t/d Agust 25, 2007*, W.D. Okla. No. CV16-813-W. In response[1] to six document requests, SVN produced 18 documents and contended four of the requests were protected by the attorney/client and work product privileges. Doc. 1 at 3; *id.* at Exh. 1 (subpoena), Exh. 3 (SVN's objections and responses to the subpoena). After some back and forth, the parties agreed that SVN

---

[1] SVN's motion for an extension of time to file its response (doc. 4) is **GRANTED**, albeit moot.

would produce a privilege log.  Doc. 1 at 3; *id.* at Exhs. 5 & 6 (meet and confer letters).  Plaintiff contends, however, that despite numerous requests SVN has failed to provide a privilege log of all withheld documents *and* "refused to confirm that all non-privileged responsive documents had been produced and that no responsive documents were being withheld on the basis of any objection other than attorney-client or work product doctrine."  Doc. 1 at 3-4.  SVN, however, has produced a privilege log and attested that it "is not aware of any documents being withheld for any reason other than privilege."  Doc. 5 at 1.  Though it is unclear just *when* SVN produced that privilege log (before or after Mlake 95 filed its motion, SVN doesn't say), Mlake 95's motion (doc. 1) is now denied as **MOOT**.[2]

---

[2]  The Court notes Mlake's irritation with SVN's reliance on "boilerplate objections" in its response to the subpoena.  Doc. 1.  However, SVN did not hide behind those objections and refuse to respond -- it objected to the requests insofar as they were "unduly burdensome, an improper form of discovery, and exceed the scope of permissible discovery," sought material outside of SVN's possession, custody, or control, or sought privileged information *and then* answered by providing unprivileged responsive documents (and, eventually, a privilege log).  *Id.* at Exh. 3.

While such general responses can complicate discovery and discovery disputes by leaving the requesting party unsure of what's been produced or withheld and why, *see, e.g., Williams v. Taser Int'l, Inc.*, 2007 WL 1630875 at *3 (N.D. Ga. June 4, 2007) (parties "should refrain from asserting boilerplate, non-specific objections" to discovery requests because the "constant inclusion of such boilerplate objections [ ] unnecessarily cloud[s] the discovery process and invite[s] dispute and disagreement by needlessly sowing doubt about the exhaustiveness of [the] production and responses"), here, SVN specifically

**SO ORDERED,** this __23rd__ day of June, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

explained that it was *only* withholding documents on the basis of privilege and would produce otherwise responsive, nonprivileged documents. *See, e.g.,* doc. 1 at Exh. 3 at Request No. 1 ("Respondent objects to the extent the request calls for documents protected by the attorney/client and/or work product privileges. Subject to the foregoing, responsive documents will be produced as set forth above.").